UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LINDSEY McGHEE, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Cause No. 1:24-CV-373-HAB |
| GRANT COUNTY, et al., | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This case arises out of a tragic, fatal house fire. Plaintiffs sued a laundry list of parties in the Grant County, Indiana, Superior Court. As part of their amended complaint, Plaintiffs included a claim under 42 U.S.C. § 1983 against individuals and entities responsible for dispatching emergency assistance. This prompted another Defendant, Curtis International, Ltd. ("Curtis"), to remove the case to this Court under federal question jurisdiction. Curtis is not named in the § 1983 count; it is sued under various Indiana product liability theories arising out of its alleged design and manufacture of a television in the home.

Plaintiffs now move to dismiss the § 1983 count and to remand this case to state court. (ECF No. 40). Curtis, *and only Curtis*, objects, accusing Plaintiffs of "forum manipulation." (ECF No. 46). But whatever Plaintiffs' motivations, this Court has no interest in presiding over what would now be a case with almost two-dozen state-law-only claims at the behest of a party named in only three. Plaintiffs' motion will be granted.

At the outset, Curtis has advanced no legal reason to reject the dismissal of the § 1983 count. Curtis ascribes malice to Plaintiffs' request to dismiss, seizing upon their request to dismiss

the § 1983 count "without prejudice." As Curtis imagines it, Plaintiffs intend to simply re-assert the § 1983 claim at some point in the future, necessitating a second removal. (ECF No. 46 at 4-5).

Plaintiffs defeat these arguments in their reply when they agree to dismissal with prejudice. (ECF No. 47 at 3-4). Whether this satisfies Curtis' conspiratorial mind, such a dismissal is a final judgment on the merits for the purposes of claims preclusion. *Fulton v. Bartik*, 547 F. Supp. 3d 799, 812 (N.D. Ill. 2021). Federal Rule of Civil Procedure 41 allows a plaintiff, after a responsive pleading has been filed, to dismiss a claim "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Plaintiffs' voluntary dismissal with prejudice is a term that this Court "considers proper," so the motion to dismiss will be granted.

The only remaining question is whether, with no federal claim remaining, this Court should exercise supplemental jurisdiction over the remaining state law claims. Curtis argues that it should, pointing to Judge Posner's opinion in *Townsquare Media, Inc. v. Brill*, 652 F.3d 767 (7th Cir. 2011). There, Judge Posner described the act of dismissing a federal claim after removal, precisely what Plaintiffs seek to do here, as "forum manipulation" and "pulling the rug out from under your adversary's feet." *Id*. at 773. Under those circumstances, relinquishment of the pendent state law claims "is no longer mandatory." *Id*. Based on Judge Posner's opinion, Curtis claims that this Court "had and will continue to have federal question jurisdiction over this case because the federal question existed at the time of removal." (ECF No. 46 at 8).

This statement of law is correct, and irrelevant. Plaintiffs do not argue that this Court is deprived of jurisdiction by the dismissal. Instead, they argue that this Court should exercise its discretion to decline to exercise supplemental jurisdiction. And this is discretion the Court undeniably has. *See* 28 U.S.C. § 1367(c)(3) (stating that a district court may decline supplemental jurisdiction when "the district court has dismissed all claims over which it is original jurisdiction").

2

As the Seventh Circuit consistently has stated, "it is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999); *see also Williams v. Rodriguez*, 509 F.3d 392, 404 (7th Cir. 2007) ("As a general matter, when all federal claims have been dismissed prior to trial, the federal court should relinquish jurisdiction over the remaining pendant state claims"); *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251 (7th Cir. 1994) ("the general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendant state-law claims rather than resolving them on the merits"). Yet the court of appeals has discussed "three well-recognized exceptions" to the general rule that "when all federal-law claims are dismissed before trial, the pendent claims should be left to the state courts." *Wright*, 29 F.3d at 1252. As the court has explained, sometimes there are "unusual cases in which the balance of factors to be considered under the pendent jurisdiction doctrine — judicial economy, convenience, fairness, and comity — will point to a federal decision of the state-law claims on the merits." *Id*.

The first example that the court discussed occurs "when the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court." *Wright*, 29 F.3d at 1251. That concern is not present here, however, because the Court would simply remand this case to the state court where it was originally brought.

The second exception recognized in *Wright* applies when "substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort." 29 F.3d at 1251 (quoting *Graf v. Elgin, Joliet & E. Ry. Co.*, 790 F.2d 1341, 1347–48 (7th Cir. 1986)). Here, the Court has devoted *no time whatsoever* to analyzing the many state-law claims. Thus, while there are times when "a district court should exercise supplemental

3

jurisdiction over pendent state law claims for reason of judicial efficiency," *Miller Aviation v. Milwaukee Cty. Bd. of Supervisors*, 273 F.3d 722, 732 (7th Cir. 2001), this is not one of them.

The third circumstance to which the court of appeals has pointed in which disposition of pendent state-law claims may be appropriate "occurs when it is absolutely clear how the pendent claims can be decided." *Wright*, 29 F.3d at 1251. For example, "[i]f the district court, in deciding a federal claim, decides an issue dispositive of a pendent claim, there is no use leaving the latter claim to the state court." *Id*. In addition, if the state-law claims are "patently frivolous," they should be resolved right away in the federal court. *Id*. Still, "[i]f the question whether a state-law claim lacks merit is not obvious, comity concerns may dictate relinquishment of jurisdiction." *Id*. The Court does not find that Plaintiffs' state law claims are patently frivolous.

In sum, the Court finds that none of the exceptions to the "usual practice" applies. As a result, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims.

For these reasons, Plaintiffs' motion to dismiss and remand (ECF No. 40) is GRANTED. Count II of Plaintiffs' amended complaint, alleging violations of 42 U.S.C. § 1983, is DISMISSED WITH PREJUDICE. The remaining counts are REMANDED to the Grant County, Indiana, Superior Court.

SO ORDERED on October 1, 2024.

    s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT